IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PHENIX LONGHORN LLC, <br><br>    *Plaintiff*, <br><br> v. <br><br> AU OPTRONICS CORPORATION, HISENSE ELECTRONICA MEXICO, S.A. DE C.V., HISENSE USA CORPORATION, HISENSE VISUAL TECHNOLOGY CO., LTD., *and* DOES 1–10, <br><br>    *Defendants*. | § § § § § § § § § § § § §    CASE NO. 2:23-CV-00477-RWS-RSP |

## MEMORANDUM ORDER

Before the Court is Plaintiff/Counterclaim Defendant Phenix Longhorn LLC's Motion for Sanctions Under Fed. R. Civ. P. 37 and 16. **Dkt. No. 225**. The Motion is fully briefed, see Dkt. Nos. 238, 263, 286, and the Court held a hearing on November 24, 2025, see Dkt. No. 288. In the Motion, Plaintiff seeks to strike, pursuant to Federal Rules of Civil Procedure 37 and 16, AUO's Eighth Supplemental Initial Disclosures, as well as AUO's Fifth, Sixth, and Seventh Counterclaims because they did not disclose these counterclaims until September 30, 2025, "just hours before the close of fact discovery," despite allegedly having all the information "for months." Dkt. No. 225 at 1.

If a party fails to make disclosures as required under Rule 26(a), or under a Discovery Order pursuant to Rule 26(f), the Court may issue a sanction "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The sanctions available to the Court include precluding the party from using the withheld information or witness, ordering the payment of reasonable expenses and attorneys' fees, informing the jury of the party's failure, or imposing "other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—

(vi)." Fed. R. Civ. P. 37(c)(1)(A)–(C). Those orders include "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(iii). To determine whether a failure to disclose was substantially justified or harmless, the Court must consider four factors: (1) the importance of the matter that was not disclosed; (2) the prejudice to the opposing party; (3) the possibility of curing such prejudice with a continuance; and (4) the explanation for the party's failure to disclose. *See CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 280 (5th Cir. 2009); *Primrose Op. Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563–64 (5th Cir. 2004).

Additionally, under Rule 16(b), joinder of a party after the joinder deadline requires a showing of good cause. Fed. R. Civ. P. 16(b); *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227–28 (5th Cir. 2005). Courts generally consider the following factors in evaluating good cause: (1) the explanation for the party's failure to meet the deadline; (2) the importance of what the Court is considering excluding; (3) the potential prejudice if the Court allows the thing it is considering excluding; and (4) the availability of a continuance to cure such prejudice. *See S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Similarly, under Rule 16(f), a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).

The Discovery Order, read in view of the Docket Control Order, required AUO to disclose its legal theories by October 18, 2024. Dkt. No. 66 ¶ 1(c) (requiring the parties to disclosure, *inter alia*, legal theories); Dkt. No. 67 at 5 (requiring the Parties to comply with paragraphs 1 and 3 of the Discovery Order by October 18, 2024). The deadline to complete fact discovery, in fact, was September 30, 2025. Dkt. No. 132 at 3. Preceding it was the deadline to join additional parties, which passed on October 4, 2024. Dkt. No. 67 at 5. Defendants filed these counterclaims and joined two additional parties on October 2, 2025. *See* Dkt. No. 203 ¶¶ 1–127. This was after the

deadlines to join additional parties and after the close of fact discovery, making the counterclaims untimely. And they were filed without leave of Court.

A counterclaim is compulsory if, *inter alia*, it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]" Fed. R. Civ. P. 13(a)(1)(A). A counterclaim that is not compulsory is, by definition, permissive. Fed. R. Civ. P. 13(b). A permissive counterclaim that would "unduly complicate the case" may be disallowed. Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Practice & Procedure § 1410 (2d ed. 1990) ("Although 13(b) encourages a party to advance all of his counterclaims in the responsive pleading, the court has discretion to refuse to entertain any counterclaim, when allowing it would unduly complicate the litigation").

Here, the counterclaims are not compulsory because they do not arise from the same transaction or occurrence as the patent infringement claims. They are instead RICO claims that will have to survive Rules 12 and 56 before they can be put to a jury. That said, having considered the striking factors, the Court finds that severing the claims—in lieu of striking—would allow the counterclaims to be urged, but would keep them from interfering with the prompt adjudication of the patent infringement claim. Severing also moots the difficult Protective Order exception issues raised by the Parties during briefing, see Dkt. No. 286 at 4, and during the hearing, *see* Dkt. No. 309 at 25:12–24. It also prevents distraction from the final pretrial issues.

Therefore, the Court **DENIES** the Motion to the extent that it seeks to strike the counterclaims and additional parties. Additionally, for the reasons orally assigned during the hearing, Dkt. No. 309 at 41:12–42:10, the Court finds that the Motion should be **GRANTED** as to Defendants' Thirteenth Affirmative Defense for Inequitable Conduct, Dkt. No. 203, *AUO's Affirmative And/Or Additional Defenses* ¶¶ 16–38.

Accordingly, it is hereby **ORDERED** that the Fifth, Sixth, and Seventh Counterclaims are **SEVERED** into a separate civil action and stayed until after trial on the patent infringement claims and the First through Fourth Counterclaims. It is **FURTHER ORDERED** that Defendant's Thirteenth Affirmative Defense is stricken.

The Clerk of Court is directed to open a new civil action bearing the same caption, parties (including the two newly named Counterclaim Defendants) and counsel, and place this Order and the Counterclaim (Dkt. No. 203) as the first filings in that action. The new action is hereby **STAYED** pending further order.

**SIGNED this 14th day of December, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE